PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-MC-00097-TLN-AC |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $104,300.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On November 9, 2015, agents with the Drug Enforcement Administration ("DEA") contacted Faulcon at the Sacramento International Airport in Sacramento, California. Approximately $104,300.00 in U.S. Currency ("defendant currency") was seized from Derrick Tavon Faulcon ("Faulcon") during this encounter.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about February 17, 2016, the DEA received a claim from Faulcon asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on November 9, 2015, agents with the DEA received information regarding suspicious travel by Faulcon, including the timing and manner of his ticket purchase. Law enforcement agents responded to the terminal, observed Faulcon exit the flight, and made contact with him in the terminal. Faulcon had a green

colored military style backpack and a large red handbag.  An agent requested Faulcon's permission to search his luggage, and Faulcon consented.  While searching the red handbag, the agent felt what he believed to be cash being held together by rubber bands and the agent asked Faulcon how much he was carrying.  Faulcon told the agent there was $15,000 in the bag. The agent located a total of $104,300.00 in cash.  Law enforcement agents asked Faulcon the origin of the money and what the intended purpose of the money.  Faulcon told the agent it was money from his restaurant business.

4.      The United States could further show at a forfeiture trial that Faulcon then told agents that he needed to let his ride know that he would be out in a minute.  Faulcon attempted to grab an envelope out of the red handbag but agents told him everything in his luggage would need to stay with them.  Agents observed Faulcon leaving the building and walking briskly to catch a cab.  Faulcon abandoned his luggage.

5.      The United States could further show at a forfeiture trial that the cash was hidden from a drug detection dog, who located and positively alerted to the smell of narcotics on the cash.

6.      The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7.      Without admitting the truth of the factual assertions contained in this stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Faulcon hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9.      This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10.     The parties herein desire to settle this matter pursuant to the terms of a duly executed

Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

12. Upon entry of the Consent Judgment of Forfeiture, $90,300.00 of the Approximately $104,300.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

13. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $14,000.00 of the Approximately $104,300.00 in U.S. Currency shall be returned to claimant Derrick Tavon Faulcon through his attorney Dwight M. Samuel.

14. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Faulcon waived the provisions of California Civil Code § 1542.

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorney's fees.

17. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: October 31, 2016

_____
Troy L. Nunley
United States District Judge